**Dismiss and Opinion Filed May 23, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00003-CV

## SHELBY BLACK AND DALLAS COUNTY RECOVERY, LLC, Appellants
### V.
## EMILIO NUNEZ, INDIVIDUALLY AND A/N/F OF GABINO NUNEZ,
### Appellee

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-12602**

## MEMORANDUM OPINION

Before Justices Nowell, Goldstein, and Breedlove
Opinion by Justice Goldstein

This appeal challenges a default judgment that provided in the first paragraph

as follows:

> On this day came on to be considered the Plaintiff's Motion for
> Final Judgment. The Court, having considered the Motion, the
> pleadings on file in the case, and the evidence presented, finds that the
> motion should be GRANTED[.]

After stating that the trial court had jurisdiction and the material allegations of

plaintiff's petition had been proven, itemizing the recoverable actual damages, and

awarding pre- and post-judgment interest and court costs, the judgment concluded with this language:

> IT IS FURTHER ORDERED that Plaintiff is entitled to enforce this judgment through abstract, execution, and any other process necessary. This is a final judgment and can be appealed.

The judgment was signed September 30, 2021, but the appeal was not filed until December 29, 2022, well over a year later. Because the appeal appeared untimely, we questioned our jurisdiction. *See* TEX. R. APP. P. 26.1 (providing deadline for filing appeal ranging from thirty days from judgment to six months from judgment, depending on circumstances); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g) (timely filing of notice of appeal is jurisdictional).

Relying on *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001) and *In re L.C.R.*, No. 05-17-00085-CV, 2018 WL 2676467 (Tex. App.—Dallas June 5, 2018, no pet.) (mem. op.), appellants assert in jurisdictional briefing filed at our request that the judgment was not final because it did not "actually dispose[] of all claims and parties" before the court–specifically, it did not dispose of appellee's claim for punitive damages–or state[] with "unmistakable clarity" that it disposed of all claims and parties. However, they maintain, the judgment was made final by the trial court's December 6, 2022 order denying their motion for new trial and, because the notice of appeal was filed within thirty days of that order, the appeal was timely. In

–2–

response, appellee asserts, in part, that the judgment was final on its face. We agree with appellee.

A judgment that does not follow a conventional trial on the merits, such as a default judgment, need not actually dispose of every party and claim before the court in order to be final and appealable so long as it includes "'clear and unequivocal' indicia of finality." *See Patel v. Nations Renovations*, 661 S.W.3d 151, 154-55 (Tex. 2023). A judgment that includes a combination of statements that describe the trial court's actions as (1) final, (2) disposing of all claims and parties, and (3) appealable reflects an intent to completely dispose of the entire case. *See id.* at 155. Examples of statements or actions that in combination indicate finality include

- a statement that the judgment is final;
- a statement that the judgment is appealable;
- a statement that all relief not granted is denied;
- an award of costs;
- an award of pre-and/or post-judgment interest; and,
- an order authorizing enforcement of the judgment.

*See id.*; *Krawiec v. Holt*, No. 05-17-00307-CV, 2018 WL 2126858, *4 (Tex. App.—Dallas May 7, 2018, no pet.) (mem. op.).

The judgment here indicates a clear intent to dispose of the entire case. It begins by stating that the court considered "the Plaintiff's Motion for *Final Judgment*" (italics added) and concludes with five of the six indicia of finality listed above: (1) a statement that the judgment is final; (2) a statement that the judgment is

appealable; (3) an award of costs; (4) an award of pre- and post-judgment interest; and, (5) an order permitting enforcement of the judgment.

Because the judgment includes "clear and unequivocal" indicia of finality, it was final and the notice of appeal was due within thirty days of the date the judgment was signed. *See* TEX. R. APP. P. 26.1. Having been filed well over a year later, the notice of appeal failed to invoke our jurisdiction. Accordingly, we dismiss the appeal. *See id.* 42.3(a).

230003f.p05

/Bonnie Lee Goldstein//
BONNIE LEE GOLDSTEIN
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHELBY BLACK AND DALLAS
COUNTY RECOVERY, LLC,
Appellants

No. 05-23-00003-CV     V.

EMILIO NUNEZ, INDIVIDUALLY
AND A/N/F OF GABINO NUNEZ,
Appellee

On Appeal from the 95th District
Court, Dallas County, Texas
Trial Court Cause No. DC-20-12602.
Opinion delivered by Justice
Goldstein, Justices Nowell and
Breedlove participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Emilio Nunez, Individually and a/n/f of Gabino Nunez recover his costs, if any, of this appeal from appellants Shelby Black and Dallas County Recovery, LLC.

Judgment entered this 23rd day of May 2023.